**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In Re:

LISANDRA COLON,                                        Case No. 6:17-bk-00351-CCJ

    Debtor.                                              Chapter 7

_____/

**RESPONSE AND LIMITED OBJECTION TO THE TRUSTEE'S MOTION TO SELL**

    COMES NOW the Movant, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OA14, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA14 (hereinafter "Creditor"), by its undersigned attorneys, and files this response and limited Objection to the Trustee's Motion for Order Approving Sale of Estate's Interest in Real Estate in Osceola County, Florida ("Sale Motion") [Doc. No. 40], and in support thereof would show:

    1.    On January 19, 2017, the Debtor filed a Petition under Chapter 7 of the Bankruptcy Code.

    2.    Creditor holds a first mortgage and a perfected lien on property more particularly described as LOT 11, RAINTREE AT SPRINGLAKE VILLAGE PHASE I, OSCEOLA COUNTY, FLORIDA  (physical address: 3180 DASHA PALM DRIVE, KISSIMMEE, FL 34744) ("Property").

    3.    The balance due Creditor on the note and mortgage exceeds $300,000.

4.	On or about June 18, 2018, the Trustee filed the Sale Motion seeking to sell the Property for $215,000. [Doc. No. 40]

5.	The Sale Motion indicates that Creditor approved a "short sale" of the Property in exchange for a minimum payment to Creditor of $192,446.16. The Motion references a short sale approval letter attached as Exhibit A; however, no documents are attached to the Motion.

6.	The Motion does not provide a time frame for when the sale will close.

7.	Creditor understood that the short sale agreement with the Trustee required the sale to close on or before **June 29, 2018.** Creditor believes no closing has taken place since the Court has yet to approve the sale.

8.	Creditor requires additional time to review this matter with management and its investor to determine whether Creditor can still accept the short sale amount proposed by the Trustee.

WHEREFORE, the Creditor files this limited Objection to the Sale Motion, requests the Court set this matter for hearing, and for such other relief as the Court finds just.

/s/ DAVID E. HICKS, ESQ.
DAVID E. HICKS , ESQ.
Fla. Bar No. 0368245
KELLEY KRONENBERG ATTORNEYS AT LAW
1511 N. Westshore Blvd., Suite 400
Tampa, FL 33607
(813) 223-1697
(813) 433-5275 (fax)
E-mail: dhicks@kelleykronenberg.com
Attorneys for Creditor

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Response has been furnished either by electronic or standard first class mail to the parties listed below on this 6<u>TH</u> day of July, 2018.

/s/ DAVID E. HICKS, ESQ.

Lisandra Colon
3180 Dasha Palm Dr
Kissimmee, FL 34744

James T. Harper, Jr., Esq.
350 Tangerine Ave., Suite 6
Merritt Island, FL 32953

Marie Henkel, Trustee
3560 S. Magnolia Ave.
Orlando, FL 32806

Kristen Henkel, Esq.
3560 S. Magnolia Ave.
Orlando, FL 32806
Attorney for Trustee